IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO: 4:18-cv-338 |
| | § | |
| $39,200.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |
| | § | |
| | § | |

## <u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

<u>Nature of the Action</u>

1.  This is an action to forfeit property to the United States pursuant to a violation of 18 U.S.C. §§ 1341, 1343, 1349.

<u>Defendant in Rem</u>

2.  The Defendant Property is $39,200 in United States currency seized from Dilip Bose at 3332 Meridian Drive, Northlake, Texas, a residence located within the Eastern District of Texas (hereinafter, "Defendant Property").

<u>Jurisdiction and Venue</u>

3.   The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4.   The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

<u>Basis for Forfeiture</u>

6.   The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341, 1343, and 1349, offenses constituting "specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7).

<u>Facts</u>

7.   The facts and circumstances supporting the forfeiture of the above-described property are contained in the Affidavit of United States Postal Inspector Matthew Write, which is attached hereto and incorporated herein by reference.

<u>Potential Claimants</u>

8.   Potential claimants to the Defendant Property may include:

    a.   Dilip Bose – 3332 Meridian Drive, Northlake, Texas 76226,

    b.   Ritika Arora – 3332 Meridian Drive, Northlake, Texas 76226, and

c.  Jana Ortega – 818 W 10th Street, Austin, Texas 78701.

<u>Claim for Relief</u>

9.  The United States respectfully requests that the Court forfeit the Defendant

Property to the United States, award costs and disbursements in this action to the

United States, and order any other relief that the Court deems appropriate.


Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


_____/s/_____
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Matthew Write, hereby state that:

1.    I am an Inspector with United States Postal Service.

2.    I have read this Complaint, and the information contained herein is true and
correct to the best of my knowledge.

3.    The information contained in this Complaint comes from the official files
and records of the United States, statements from other law enforcement
officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.


Matthew Write
U.S. Postal Inspector
United States Postal Inspection Service


Dated

*May 8, 2018*


**COMPLAINT – U.S. v. $39,200.00 in United States Currency**
Page **4** of 4

## EASTERN DISTRICT OF TEXAS

## <u>AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE</u>

I, Matthew J. Write, being duly sworn, depose and state as follows:

1. Affiant is a United States Postal Inspector assigned to the Fort Worth Division of the U.S. Postal Inspection Service. I am sworn and empowered to investigate crimes involving the U.S. Postal Service. I have been a Postal Inspector for ten years. Prior to becoming a Postal Inspector, I was a U.S. Customs and Border Protection Officer for four years. I am currently assigned to investigate mail fraud against consumers, businesses, and the government. I have conducted investigations involving the theft of U.S. Mail, identity theft, mail fraud, conspiracies, money laundering, embezzlement, burglary, murder, robbery and assault. This experience includes participation with other Postal Inspectors and other officers and agents experienced in these subjects. Through my training and participation in criminal investigations, I have become familiar with, and have participated in, methods of investigation including, but not limited to, electronic surveillance, visual surveillance, questioning of witnesses, questioning of suspects, the use of search warrants, and use of confidential informants. In the course of such investigations, I have made numerous arrests. I have participated in numerous federal and state arrest and search warrants, many of which involved the use of the U.S. Mail to commit fraud. These arrest and search warrants have included the recovery of narcotics and firearms.  I have received training in investigating cases involving mail fraud, identity theft, stolen checks, credit cards, and other financial instruments.

2. The Defendant Property is $39,200.00 in United States currency seized from Dilip

Bose's residence located at 3332 Meridian Drive in Northlake, Texas, a location within the Eastern District of Texas.

3.  The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341, 1343, and 1349, offenses constituting "specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7).

## FACTS SUPPORTING FORFEITURE

4.  On May 1, 2017, the Affiant received a complaint from victim R.S. who believed a tech support company in Ft Worth, TX, defrauded him. R.S. lives in Washington, D.C. and was using his computer online when a "pop-up" window appeared with a telephone number telling him his computer was infected. R.S. called this number and was told by representative Christina Hill (C.H.) that she worked for Microsoft. R.S. allowed remote access to his computer and C.H. showed him, via graphics, how his computer was infected. C.H. then forwarded R.S. to representative John Wright (J.W.) with a company named "Texas Connect." J.W. was identified as a technician and told R.S. his computer had malware. J.W. gave R.S. various pricing to fix his computer from $199.00 to a lifetime plan of $899.00. R.S. mailed a personal check for $450.00 to 9800 Hillwood Parkway, Suite 140, Fort Worth, TX 76177. R.S. then became suspicious and reinstalled his computer software, noting that his computer was not infected at all.

5.  The Affiant researched 9800 Hillwood Parkway, Suite 140, Fort Worth, TX, and found it to be a Regus "virtual office." A virtual office is a location where a customer can receive mail, packages and phone service for a fee. The Affiant spoke with Sierra Tidwell at this location who stated "people" had been calling in on this box and that the owner of this box had other boxes with business names "Vaptechs" and "Comconnect." In my

experience as a Postal Inspector, virtual offices are used to make fraudulent businesses appear legitimate by giving the appearance of a legitimate location without the expense of a true storefront. A virtual office also conceals the identity of the suspect when using a business name or a fraudulent name.

6.  Regus provided me a copy of the PS Form 1583 *Application for Delivery of Mail Through Agent*. This form is required to be on file with the post office for third parties who receive mail for others. Listed on this form was Texas Connect, with the applicant listed as Dilip Bose (D.B.) and home address 3332 Meridian Drive, Northlake, TX 76226. A copy of a Texas drivers' license for D.B. was provided. The date of application was 4/21/2017. Two other PS Forms 1583 were provided for Vaptechs and Comconnect IT. Both listed D.B. as the applicant.

7.  The Affiant located website www.texastechconnect.com and noted the business address location listed as 9800 Hillwood Parkway, Suite 140, Fort Worth, TX. The website stated the services they provided include computer support, website designing, antivirus support and SEO services. There were pricing levels from $399.00 to $1399.00 listed on this site, similar to those mentioned by R.S. in Paragraph 4. Also listed on the site were numerous customer testimonials.

8.  The Affiant located an assumed name business filing dated 3/23/2017 in Denton County, TX, for Texas Connect. D.B. was listed as the owner with a physical business address listed as 950 E. State Hwy 114, Southlake, TX 76092.

9.  The address above is also a Regus virtual office. This office provided me two PS Forms 1583 for HPC Techs and The Rhombus Techs. Both forms were dated 1/12/2016. Listed as the applicants were D.B. and Ritika Arora (R.A.). A copy of a permanent resident card and a Texas drivers' license was provided for D.B.

10. The Affiant queried an internet "whois" website to determine the registered information for www.texastechconnect.com. This website was created on 1/8/2016 and registered by R.A. through www.godaddy.com. The tech email was listed as bose.dilip1@gmail.com.

11. On May 16, 2017, Victim V.G., who resides in Richmond, IN, reported she had dealt with Rhombus Techs in July of 2016. V.G.'s granddaughter was using V.G.'s new computer when a big red warning sign kept flashing on the screen with a phone number to call. V.G. called this number and spoke with a person named Richard and a person named Sean, who both said they worked for Microsoft. V.G. said she had a hard time understanding what they said.  V.G. was coached by them on what keys to press and was sold on a security and service plan for $512.00. V.G. said after the call she received another phone call stating she was getting a refund for her security service for $350.00. The caller tried to get V.G. to set up a bank account online. The caller then asked V.G. to go to Walmart or Walgreens and get a card for $3000.00. V.G. went to Walgreens and explained her scenario to the manager. The manager told V.G. it was fraud. The caller repeatedly called V.G. regarding the money card. V.G. said Rhombus Techs called a final time and left her a message that they were moving out of the country. V.G. provided me emails and Rightsignature.com documents sent to her from Rhombus Techs.

12. On June 6, 2017, Victim S.C., who resides in Superior, WI, reported she was reading news online when a box popped up on her computer stating the computer had 413 viruses and she should call Microsoft. S.C. called this number and spoke with Justin Roy. S.C. was then transferred to a person named John with Texas Connect. S.C. allowed John to take over her computer and he installed Malwarebytes.  Malwarebytes is a free download for anti-malware, which is known to the Affiant. John tried to sell S.C. a

service plan for $948, but she ended up writing a check to Texas Connect for $461.32 and mailed it to Fort Worth, TX. S.C. found it odd when she subsequently called Texas Connect, they answered "hello" instead of using the business name. S.C. gave consent to investigators to analyze her computer.

13. The Affiant subpoenaed Malwarebytes for records related to all identified business related to this investigation. Malwarebytes was only able to produce payment information related to Rhombus Techs.  An account was located reflecting credit card activity from D.B. related to a Malwarebytes product. I received a follow up email from Sean Toth, who is Associate General Counsel for Malwarebytes. Toth provided me Malwarebytes policy for use of its products. Malwarebytes' personal use policy states, "Your license permits you to use the Software solely for your personal, non-commercial purposes; the Software may not be used on any Device that is used in a business or for business purposes." Malwarebytes' business policy states, "If you are a Malwarebytes for Business user, and you have a paid license, your license permits you to use the software solely for your internal business purposes."

14. The Affiant contacted U.S. Secret Service Agent John Day (Day), who is a Forensic Computer Examiner. Day examined S.C.'s computer and found no viruses on the computer. Day noted a Log-Me-In Rescue RC remote access program had been installed. Day determined that Malwarebytes and Adware Cleaner were installed on 5/29/17. Day noted that both programs are available for free download and use respectively. Day found a Texas Connect receipt that showed a contract for service, digital signatures, and payment information. The Affiant reviewed a Right Signature document, which was a signature certificate. There was the signature of S.C. and a person using the name Frank created the document. IP address 182.73.162.74 was listed next to Frank's name.  A

"whois" query indicated the IP address was located in Uttar Pradesh, India.

15. I contacted Agent Greg Christiansen with the U.S. Department of Homeland Security. Agent Christiansen found that D.B. is a citizen of India and a legal permanent resident of the U.S. Visa Documents indicated D.B. was approved for a visitor visa in 2012 to attend a marketing expo for Google and Microsoft. D.B. had previously worked in "communications" in Uttar Pradesh, India.

16. The Affiant queried Denton County, TX, online records for 3332 Meridian Drive, Northlake, TX 76226. A warranty deed dated 3/30/2017 was registered to D.B., listing him as a married man.

17. The Affiant located a website for Comconnect IT at www.comconnect-it.com. The business address was listed as 9800 Hillwood Parkway, Suite 140, Fort Worth, TX. This is the same business address listed for Texas Connect. In searching testimonials on the webpage one testimonial read, "Thanks for the e-mail and document. I want to express my appreciation to all the individuals that worked together to fix my two computers. They were very professional at all times. One individual named Tina started working with me at first and was very patient explaining all the problems. An extra thanks goes out to her. I will recommend Com Connect IT to others. Thanks Again, ELMOND "WAYNE" KELLEY." In reviewing testimonials from www.texastechconnect.com, the Affiant noted an identical testimonial from Kelley, except "Com Connect IT" was changed to "Texas Connect."

18. A subpoena for domain name registration information for www.comconnect-it.com was sent to http://www.1and1.com. Subpoena information indicated the site was registered on 11/28/2016 to Neeraj Gond in Uttar Pradesh, India. This city location matches that of the

IP city location for Frank in Paragraph 14 and the city where D.B. worked in Paragraph 15.

19. The Affiant contacted Tiffen Eshpeter with the Better Business Bureau (BBB) to request any complaints filed against any D.B. or R.A.s' companies, specifically, Texas Connect, Escutcheon Technologies, IOD Techs, Comconnect IT, Vaptechs, HPC Techs, or Rhombus Techs. The BBB responded with approximately 11 consumer complaints from January 2016 to May of 2017 regarding either HPC Techs or Texas Connect.  The complaints all had one or some of the following circumstances.

   a.  There was no response from the businesses.

   b.  A pop up window/message appeared from Microsoft. The consumers called the number and spoke with a representative who purported to be with Microsoft.

   c.  The representatives spoke with a "foreign" accent.

   d.  The consumer's computer was taken over by the representative.

   e.  The consumer was transferred to either Texas Connect or HPC Techs.

   f.  The consumer was told their computer was infected.

   g.  They were sold on a plan to fix their computer or remove viruses or malware.

   h.  Consumer checks were arranged to be sent via FedEx commercial carrier to HPC Techs or Texas Connect located in Southlake, Texas.

   i.  The customer believed they had been defrauded. The customer was concerned their personal information was at risk or had been accessed.

   j.  The computer service was not performed as described by the representative.

   k.  Banking information was requested by the representative for direct withdrawal.

   l.  The BBB contacted Bernard, Steve or Frank with HPC Techs telephonically or

via email, who authorized refunds of the consumers' money.

20. Eshpeter confirmed that BBB complaint mailings were sent to business addresses for Texas Connect and HPC Techs in Texas. These complaints listed the customer statement of the problem, which included, in part, information listed in subsections of Paragraph 19.

21. On June 7, 2017, the Affiant secured the trash left at the curb at the residence of D.B. and R.A. located at 3332 Meridian Drive, Northlake, TX 76226. Located in the trash were a Texas Connect Capital One bank statement addressed to 950 E. State Hwy 114, Southlake, TX 76092, and an envelope addressed to Texas Connect at 9800 Hillwood Parkway, Suite 140, Fort Worth, TX. There were also stop payment documents from Bank of Texas for Texas Connect addressed to 3332 Meridian Drive, Northlake, TX 76226 on a check from J.R. from Playa Del Rey, California.

22. Bank records for Texas Connect, Escutcheon Technologies, IOD Techs, Comconnect IT, Vaptechs, HPC Techs, and Rhombus Techs as well as accounts for D.B. and R.A. were subpoenaed. Accounts at Citibank, Frost Bank, Prosperity Bank, Bank of Texas, and Capital One were identified. A cursory overview of these accounts listed D.B., R.A. or both as the signer on the accounts. These accounts were opened from about January of 2014 to January of 2016.  Deposit records showed hundreds of personal check deposits from people across the U.S.  The memo lines of some of these deposited checks included "Lifetime Protection, HP Computer fix, Computer Repair, Tech Support, Service." Deposit samples ranged from $249.00 to $3079.00. There did not appear to be a pattern of similar deposit amounts as would be expected with set pricing structures listed on the websites associated with the aforementioned companies.

23. In reviewing Providence Bank account records associated with Vaptechs, an address of 16644 Ford Oaks Lane, Justin, TX 76247 was listed. The Affiant noted that on a monthly basis, concurrent with the deposit of customer checks, numerous checks were written from Vaptechs to HPC Techs in amounts ranging from $10,000.00 to $35,000.00.  Also noted were checks from Vaptechs with the memo "refund" going to various people across the U.S. In reviewing spending on the account, it was noted that Malwarebytes, Ringcentral, Logmein Inc, Rightsignature, and FedEx were listed. This Malwarebytes and Rightsignature spending is consistent with victim testimony outlined in Paragraphs 11, 12, 13, and 14.

24. In reviewing Citibank account records for HPC Techs, numerous check and wire deposits were located from:

    a.   VapTechs drawn on Providence Bank of Texas

    b.   Texas Connect drawn on Bank of Texas and Capital One Bank

    c.   Escutcheon Technologies drawn on Chase Bank and North Texas Bank

    d.   HPC Techs drawn on North Texas Bank, Prosperity Bank and Capital One Bank

    e.   Com Connect IT drawn on BB&T Bank

25. These deposits ranged from $5,000.00 to $50,000.00. Subsequent and concurrent to these deposits from 3/3/2014 to 6/30/2017, HPC Techs sent numerous international wires with the note "approved by Ritika Arora" to various beneficiaries. All these beneficiaries were located in India.  The beneficiary banks included, ICICI Bank LTD, HDFC Bank, TD Bank NA, Punjab National Bank, Axis Bank, Citibank N.A., INDUSIND Bank Limited, and the wire amounts ranged from $1,323.00 to $20,000.00. There was also a beneficiary name listed as Aemidio Services PVT LTD.

26. A google search of Aemidio Services listed website www.aemidio.com with an address

of 16644 Ford Oaks Ln, Justin, TX. This address matches that of VAP Techs in Paragraph 22. A query of Denton County, TX, online records showed a Deed of Trust dated 8/29/2014 listing D.B. and R.A. as a married couple and the owner this property. This website was of a similar format and structure as the Texas Connect website described in Paragraph 7.

27. On November 8, 2017, the Affiant secured the trash at 3332 Meridian Drive, Northlake, TX 76226. Located in the trash were envelopes mailed to Com Connect IT and Texas Connect, 9800 Hillwood Parkway, Suite 140, Fort Worth, TX 76177. There was an envelope mailed to Texas Connect at 3332 Meridian Drive, Northlake, TX 76226. Also located was a Bank of the Ozarks statement for Texas Connect/Dilip Bose, 3332 Meridian Drive, Northlake, TX 76226, listing a balance of $32,586.98 as of 10/30/2017. Another Bank of the Ozarks statement, dated 10/31/2017, listed 21 deposits/credits of $80,549.72 into the account. In addition, 34 checks/ debits totaling $83,290.25 were noted. Copies of check images showed Texas Connect checks from $15,000.00 to $20,000.00 were written to HPC Techs.

28. D.B. was interviewed at his residence pursuant to a federal search warrant. D.B. was told he was not under arrest and was free to leave. D.B. consented to an interview and stated that D.B.'s current businesses are Texas Tech Connect and VAP Techs. Texas Tech Connect and VAP Techs provide computer support including website design to clients. D.B. obtains clients through Google, SPORAS and pays different companies for marketing including one company in India called Web Blaze. D.B. paid Web Blaze via wire transfers from the Citibank bank account. Additionally, D.B. is in a gym partnership called Mutual Muscle, which that has nothing to do with D.B.'s IT businesses.

29. D.B. worked with an Amit Sharma (Amit) and Praveen Kumar (Praveen) at an IT company in India prior to coming to the US, and they are longtime friends.

30. D.B. explained his current businesses are a computer service wherein customers call requesting services through a call center, the call center provides the services, customers mail payments for the services to D.B.'s virtual office address, and D.B. picks up the checks from his virtual office and deposits the checks into his business bank accounts. D.B. then transfers monies (after expenses are paid) from the business accounts to the Citibank account where he then transfers payments to himself and to Amit and Praveen.

31. D.B. stated Amit designed the website for D.B.'s IT companies. The companies get telephone calls from clients requesting computer services. D.B. does not talk to his customers directly as the calls go through the call center VAP Blaze located in New Delhi, India. Amit and Praveen own and run VAP Blaze. There are approximately nineteen employees at VAP Blaze who used Google ads and Log-Me-In to access customer computers and then place anti-virus software (like Norton or McAfee) on the customer's computers.

32. D.B. became aware that "pop ups" were being utilized for marketing purposes and he became concerned because pop ups are "not legitimate marketing." D.B. said the reason he discontinued his Texas Connect businesses was because of the pop ups associated with it. D.B. admitted he purchased Malwarebytes for customers and gave them to Amit. D.B. stated he knew it was wrong to do "pop ups" and knew he was involved in a fraud scheme because he cashed checks knowing the customers came from a pop up ad. D.B. admitted he continued to commit this fraud in order to continue to be paid, continue his lifestyle, and provide for his family. D.B. admitted he, Amit and Praveen verbally agreed that D.B. would get 6% of the monies brought in from customers and the rest

would go to Amit and Praveen.  D.B. stated his companies bring in between $30,000 to $60,000 per month.  D.B. stated he has received thousands of dollars through his participation in this scheme.

33. D.B. stated clients pay for computer services by personal check usually in the amounts of $199, $299, and $150, with the highest being $577.  These checks are now received in the virtual office at 1900 Hillwood Pkwy in Keller, TX, although he used to receive these checks at 950 East Southlake Blvd.

34. D.B. became aware that "pop ups" were being used as a marketing tool when he began receiving letters from customers and/or their attorney that were mailed to his virtual office.  D.B. also received mail from the BBB regarding complaints.  Both D.B. and Amit responded to the BBB complaints online or by mail.  Amit responded using false names.  D.B. knows that Amit uses false names including the name Alex.  Frank is a false name used by Ankit Srivastavya and John is a false name used by Amit Sapra.  All of the Indian employees use false names.  D.B. knows that it is illegal to use a false name.

35. D.B. stated Ritika knows what he has been doing is wrong.  D.B. said Ritika also knows that money is coming into the accounts and that they are performing that little to no actual work.  D.B. said he merely cashes checks and wires money to India. D.B. stated he has $30,000.00 to $40,000.00 in cash in his safe in his house that came from the gym business.

36. In the Affiant's training and experience a legitimate businesses will use a bank, not a residential safe, to store proceeds.  Affiant is not aware of any other income that would fund D.B.'s business nor any known employment by D.B. at the time of the search warrant.

37. Based on the foregoing, the Affiant believes The Defendant Property is subject to

forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal,

which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§

1341, 1343, and 1349, offenses constituting "specified unlawful activity" as defined by

18 U.S.C. § 1956(c)(7).

I declare under penalty of perjury that the foregoing is true and correct.

Matthew Write
U.S. Postal Inspector
United States Postal Inspection Service

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-cv-338 |
| | § | |
| $39,200.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## ORDER FOR WARRANT OF ARREST IN REM

TO:   The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on May 9, 2018, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

**Order for Warrant of Arrest in Rem - Page 1 of 2**

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-cv-338 |
| | § | |
| $39,200.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## APPLICATION FOR WARRANT OF ARREST IN REM

The United States of America, by its undersigned counsel, respectfully requests that the Clerk of this Court issue the attached warrant of arrest in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States shows as follows:

1.     On May 9, 2018, the United States filed a complaint for civil forfeiture in rem in the above-referenced case seeking forfeiture of $39,200.00 in United States currency (defendant property).

2.     The defendant property is in the possession, custody, and control of the United States, to wit:  United States Postal Service, which obtained custody on November 21, 2017, after executing a seizure warrant.

3.     Supplemental Rule G(3)(b)(i) provides that if property is subject to forfeiture in a civil forfeiture case, and the property is in the Government's possession, custody, or control, the clerk "must issue a warrant to arrest the property."

Accordingly, the United States respectfully requests that the Clerk of the Court issue the attached warrant of arrest in rem.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


/s/ Kevin McClendon
KEVIN MCCLENDON
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
Tel: (972) 509-1201
E-mail: kevin.mcclendon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:18-cv-338 |
| | § | |
| $39,200.00 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant. | § | |

## WARRANT OF ARREST IN REM

TO:   The United States Postal Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On May 9, 2018, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $39,200.00 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1.      To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii)

for exceptions for serving as soon as practicable] by serving a copy of this warrant on the

custodian in whose possession, custody or control the property is presently found, and to

use whatever means may be appropriate to protect and maintain it in your custody until

further order of this Court.

2.      Promptly after execution of this process, to file the same in this Court with

your return thereon, identifying the individual(s) upon whom copies were served and the

manner employed.

Dated:


DAVID O'TOOLE
Clerk of the Court
United States District Court for the
Eastern District of Texas


By:     _____
        Deputy Clerk


**Warrant of Arrest in Rem – Page 2 of 2**

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

$39,200.00 in United States currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Denton
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☒ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
This is an in rem civil forfeiture proceeding pursuant to 18 USC 981
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
05/09/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____